■ TODD SHARP, Respondent, v ANDRES V. LEBRON et al., Appellants. [724 NYS2d 354] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated February 24, 2000, which granted the plaintiff's motion to vacate an order of the same court (Dollard, J.), dated October 27, 1999, granting their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) upon the plaintiff's default in answering the motion, and upon vacating the order, denied their motion.

Ordered that the order dated February 24, 2000, is reversed, on the law, with costs, the plaintiff's motion is denied, the order dated October 27, 1999, is reinstated, and the complaint is dismissed.

To vacate an order entered upon default, the movant must demonstrate that the default was excusable and there is a meritorious cause of action or defense (*see,* CPLR 5015 [a] [1]; *Waaland v Weiss,* 228 AD2d 435). While the plaintiff may have demonstrated a reasonable excuse for his default, he failed to demonstrate a meritorious defense to the defendants' motion for summary judgment dismissing the complaint.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In his motion to vacate the order entered upon his default in opposing the defendants' motion for summary judgment, the plaintiff submitted the affidavit of his chiropractor, which failed to state the objective tests he performed on the plaintiff in arriving at his conclusions concerning the alleged restrictions in the range of motion in the plaintiff's cervical and dorsolumbar spines (*see, Sainte-Aime v Ho,* 274 AD2d 569; *Grossman v Wright,* 268 AD2d 79; *Laincy v Tsuo Chienchun,* 266 AD2d 355).

Furthermore, the plaintiff failed to demonstrate that he was prevented from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57

NY2d 230; *Buonaiuto v Shulberg,* 254 AD2d 384, 385; *Cullum v Washington,* 227 AD2d 370; *Ciaccio v J & R Home Improvements,* 149 AD2d 558). Thus, the Supreme Court erred in vacating the plaintiff's default and denying the defendants' motion for summary judgment dismissing the complaint. Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.