■ Chaya Sarot et al., Appellants, v Valeriy Yusufov, Defendant, and Israel Kohn, Respondent. [753 NYS2d 121] —In an action to recover damages for personal injuries, the plaintiffs

appeal from (1) an order of the Supreme Court, Kings County (M. Garson, J.), dated February 27, 2002, which granted the motion of the defendant Israel Kohn to dismiss the complaint insofar as asserted against him pursuant to CPLR 3404, and denied their cross motion, inter alia, to restore the action insofar as asserted against that defendant to the trial calendar, and (2) an order of the same court, dated May 8, 2002, which denied their motion, in effect, for leave to reargue.

Ordered that the order dated February 27, 2002, is modified, on the law, by deleting the provision thereof granting the motion of the defendant Israel Kohn to dismiss the complaint insofar as asserted against him pursuant to CPLR 3404, and substituting therefor a provision denying that motion as unnecessary; as so modified, the order dated February 27, 2002, is affirmed; and it is further,

Ordered that the appeal from the order dated May 8, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In order to restore an action that has been dismissed pursuant to CPLR 3404, a plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore, (2) a meritorious cause of action, (3) a lack of intent to abandon the action, and (4) lack of prejudice to the opposing party (*see Buckley v Astoria Fed. Sav. & Loan Assn.*, 297 AD2d 696; *Basetti v Nour*, 287 AD2d 126, 131). Here, the plaintiffs failed to demonstrate a meritorious cause of action. Only the plaintiff Aron Sarot submitted a personal affidavit, which simply stated that he was a passenger in a motor vehicle involved in a collision with another vehicle and "[t]his case is a meritorious case." There is no evidence in the record that the plaintiffs satisfied the serious injury threshold set forth in Insurance Law § 5102 (d) (*see Mizrachy v Jordan*, 282 AD2d 210; *Waaland v Weiss*, 228 AD2d 435, 436; *Gache v Incorporated Vil. of Freeport*, 202 AD2d 470). Accordingly, the Supreme Court properly refused to restore the action to the trial calendar.

The action insofar as asserted against the defendant Israel Kohn was automatically dismissed pursuant to CPLR 3404. Accordingly, the motion of the defendant Israel Kohn should have been denied as unnecessary (*see Angelucci v City of New York*, 297 AD2d 648). Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.