■ RANDOLPH WAYLOO, Appellant, v MOHAMMED J. SHEIKH et al., Respondents. [768 NYS2d 338]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 21, 2002, which (1) denied his motion, inter alia, to vacate an order

of the same court dated December 19, 2000, entered on his default, granting the defendant Miriam Fearon a conditional order of preclusion, to vacate an order of the same court dated March 16, 2001, entered on his default, granting the defendant Miriam Fearon summary judgment dismissing the complaint insofar as asserted against her, and for leave to enter a default judgment against the defendant Mohammed J. Sheikh, and (2) granted the cross motion of the defendant Mohammed J. Sheikh to dismiss the complaint as abandoned insofar as asserted against him.

Ordered that the order dated June 21, 2002, is affirmed, with one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries arising from a motor vehicle accident. The defendant Mohammed J. Sheikh did not answer or appear. Further, the plaintiff defaulted on two motions by the defendant Miriam Fearon, which resulted in an order granting that defendant a conditional order of preclusion and an order granting that defendant summary judgment dismissing the complaint insofar as asserted against her. The plaintiff moved, inter alia, to vacate his defaults and for leave to enter a default judgment against Sheikh. Sheikh cross-moved for an order dismissing the complaint as abandoned insofar as asserted against him. The Supreme Court denied the plaintiff's motion and granted Sheikh's cross motion. We affirm.

In support of those branches of his motion which were to vacate his defaults, the plaintiff failed to demonstrate either a reasonable excuse for his defaults (see CPLR 5015 [a] [1]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]; *Parker v City of New York,* 272 AD2d 310 [2000]; *Matter of United States Auto. Assn. v Steiger,* 191 AD2d 496 [1993]) or a meritorious cause of action (see *Sicari v Hung Yuen Wong,* 286 AD2d 489 [2001]; *Sharp v Lebron,* 282 AD2d 733 [2001]; *Gomez v Lotero,* 273 AD2d 198 [2000]). Thus, the Supreme Court properly denied such relief.

The plaintiff also failed to demonstrate good cause why he did not seek to enter a judgment against Sheikh until almost three years after Sheikh's default in answering or appearing (see CPLR 3215 [c]; *Opia v Chukwu,* 278 AD2d 394 [2000]; *Richards v Lewis,* 243 AD2d 615 [1997]; *Ewart v Maimonides Med. Ctr.,* 239 AD2d 543 [1997]). Thus, the Supreme Court properly dismissed the complaint as abandoned insofar as asserted against Shiekh.

In light of the dismissal of the complaint in its entirety, the plaintiff's remaining contentions need not be reached. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.