■ JOSEPH LAMACCHIA et al., Appellants, v FRANCES ROGERS, Respondent. [777 NYS2d 736]—

In an action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Queens County (Weiss, J.), dated February 18, 2003, which denied Grace LaMacchia's motion pursuant to CPLR 1021 to substitute herself, in her capacity as executor of the estate of Joseph LaMacchia, for the deceased plaintiff Joseph LaMacchia, and to vacate the prior dismissal of the action pursuant to CPLR 3216.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which is to substitute Grace LaMacchia, in her capacity as executor of the estate of Joseph LaMacchia, for the deceased plaintiff Joseph LaMacchia, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, Grace LaMacchia, in her capacity as executor of the estate of Joseph LaMacchia, is substituted for the deceased plaintiff, and the caption is amended accordingly.

The delay in moving for substitution was, under the circumstances of this case, insufficient to warrant denying substitution (*see Rosenfeld v Hotel Corp. of Am.,* 20 NY2d 25 [1967]; *Egrini v Brookhaven Mem. Hosp.,* 133 AD2d 610 [1987]).

Since the deceased plaintiff's representative is now before this Court upon this appeal, we may review the remainder of the order appealed from (*see Hyman v Booth Mem. Hosp.,* 306 AD2d 438 [2003]). In order to establish grounds to vacate the dismissal of the action pursuant to CPLR 3216, the plaintiffs were required to demonstrate a meritorious cause of action with proof of serious injury resulting from the accident (*see* Insurance Law § 5102 [d]). The plaintiffs failed to meet that burden (*see Sarot v Yusufov,* 301 AD2d 512, 513 [2003]; *Sharp v Lebron,* 282 AD2d 733 [2001]; *Gache v Incorporated Vil. of Freeport,* 202 AD2d 470 [1994]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.