■ GMAC, Respondent, v Raymond E. Minewiser, Appellant. [981 NYS2d 580]—

In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered May 2, 2012, which, upon an order of the same court dated April 18, 2012, granting the plaintiff's motion pursuant to CPLR 3215 for leave to enter a judgment against him upon his failure to appear or answer the complaint, is in favor of the plaintiff and against him in the principal sum of $21,766.19. The notice of appeal from the or-

der dated April 18, 2012, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter a default judgment pursuant to CPLR 3215 is denied, the complaint is dismissed, and the order dated April 18, 2012, is modified accordingly.

CPLR 3215 (c), entitled "Default not entered within one year," provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, *unless sufficient cause is shown why the complaint should not be dismissed*" (emphasis added). "To avoid dismissal of the complaint as abandoned pursuant to CPLR 3215 (c), a plaintiff must offer a reasonable excuse for his or her delay and must demonstrate that the complaint is meritorious" (*London v Iceland Inc.*, 306 AD2d 517, 517 [2003]; *see Scrimenti v Dry Harbor Nursing Home*, 34 AD3d 439, 440 [2006]).

Here, contrary to the Supreme Court's conclusion, the plaintiff failed to offer a reasonable excuse as to why it did not seek to enter a judgment against the defendant until nearly three years after his failure to answer or appear (*see* CPLR 3215 [c]; *Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc.*, 83 AD3d 645, 646 [2011]; *Mattera v Capric*, 54 AD3d 827 [2008]; *Wayloo v Sheikh*, 2 AD3d 629, 630 [2003]). The excuse of law office failure proffered by the plaintiff in its moving papers was "vague, conclusory, and unsubstantiated" and, thus, did not constitute a sufficient excuse for the plaintiff's extended delay in moving to enter a default judgment after the defendant's default (*Mattera v Capric*, 54 AD3d at 828; *see Wayloo v Sheikh*, 2 AD3d at 630; *see also Lugauer v Forest City Ratner Co.*, 44 AD3d 829, 830 [2007]). Moreover, under the circumstances of this case, the court should not have considered the additional allegations regarding law office failure which were submitted for the first time in the plaintiff's reply affirmation (*see Murray v New York City Health & Hosps. Corp.*, 52 AD3d 792, 794 [2008]).

Accordingly, the plaintiff failed to demonstrate its entitlement to enter a default judgment, and the complaint should have been dismissed as abandoned pursuant to CPLR 3215 (c). Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.