■ FELIX OPIA et al., Appellants, v ANTHONY O. CHUKWU, Respondent. [718 NYS2d 71] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated June 9, 1999, as denied their motion for leave to enter judgment against the defendant upon his default in appearing or answering.

Ordered that the order is modified, on the law, by adding thereto a provision dismissing the complaint; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.

It is undisputed that the plaintiffs failed to move for leave to enter judgment within one year after the defendant's alleged default in appearing or answering, as required by CPLR 3215 (c). To justify this omission to move for this relief, the plaintiffs relied on vague allegations of law office failure (*see,* CPLR 2005). While such an excuse may be considered in determining whether the plaintiffs are entitled to enter judgment under CPLR 3215 (c) (*see, LaValle v Astoria Constr. & Paving Corp.,* 266 AD2d 28; *O'Connell v Kildaire, Inc.,* 217 AD2d 688), under the circumstances of this case, the claimed law office failure was insufficient to excuse the plaintiffs' untimely motion. Thus, the Supreme Court properly denied the plaintiffs' motion for leave to enter judgment against the defendant upon his default in appearing or answering.

Furthermore, since the plaintiffs failed to demonstrate a sufficient excuse as to why the complaint should not be dismissed, the Supreme Court should have granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3215 (c). Since the Supreme Court failed to do this, we dismiss the complaint on our own initiative (*see,* CPLR 3215 [c]; *Perricone v City of New York,* 62 NY2d 661, 663). S. Miller, J. P., McGinity, Luciano and Smith, JJ., concur.