■ PAUL SPADAFORA, Appellant, v HOME DEPOT, INC., Respondent. [731 NYS2d 635] —In an action to recover damages

for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Marlow, J.), dated August 10, 2000, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3215 (c). The appeal brings up for review so much of an order of the same court, dated April 3, 2001, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated August 10, 2000, is dismissed, as that order was superseded by the order dated April 3, 2001, made upon reargument; and it is further,

Ordered that the order dated April 3, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Where a defendant defaults in appearing or answering and a plaintiff fails to enter a judgment upon the default within one year thereof, the action is deemed abandoned (see, CPLR 3215 [c]). Under such circumstances, to avoid dismissal of the complaint as abandoned, the plaintiff must offer a reasonable excuse for the delay in seeking to enter a judgment, and demonstrate that the complaint is meritorious (see, Manago v Giorlando, 143 AD2d 646). The plaintiff failed to offer a reasonable excuse for his failure to seek leave to enter a judgment within one year of the defendant's default. Therefore, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3215 (c). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.