■ MAURICE OPARAJI, Respondent, v MADISON QUEENS-GUY BREWER, LLC, Appellant, et al., Defendant. [740 NYS2d 237] —In

an action, inter alia, to set aside a conveyance of real property, the defendant Madison Queens-Guy Brewer, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 16, 2001, as denied as untimely that branch of its motion which was for leave to enter a judgment on its counterclaim upon the plaintiff's failure to appear at court-ordered conferences, dismissed the counterclaim, and denied that branch of its motion which was for a preliminary injunction to stay the execution of the judgment entered in an action entitled *Oparaji v Weston,* pending in the Supreme Court, Queens County, under Index No. 13415/98.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for a preliminary injunction is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

To avoid dismissal of an abandoned claim under CPLR 3215 (c), a party must offer a reasonable excuse for the delay in seeking to enter a judgment and demonstrate that the claim is meritorious (*see Spadafora v Home Depot,* 287 AD2d 495; CPLR 3215 [c]).

The Supreme Court providently exercised its discretion in dismissing the counterclaim. While the delay was not inordinate, the defendant Madison Queens-Guy Brewer, LLC (hereinafter Madison) did not offer a reasonable excuse for its delay in failing to enter judgment within one year after the default (*see* CPLR 3215 [c]). Moreover, there is no merit to the counterclaim, which seeks to have a judgment entered in a separate action entitled *Oparaji v Weston,* pending in the Supreme Court, Queens County, under Index No. 13415/98 declared unenforceable as to Madison's property, which was purchased from the defendant Robert Weston after a judgment lien was placed on the subject property.

Madison's request for injunctive relief to stay execution of the judgment in question has been rendered academic because it satisfied the judgment in question while this appeal was pending. Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.