■ STEPHEN L. LONDON et al., Appellants, v ICELAND INCORPORATED et al., Respondents, et al., Defendants. [761 NYS2d 862] —In a shareholder derivative action, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated April 17, 2002, as granted the motion of the defendants Iceland Incorporated, Jacqueline Haenel, Stephen J. Haenel, and Stephan B. Gleich pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned insofar as asserted against them, and (2), a judgment of the same court entered July 15, 2002, upon the order, as dismissed the complaint insofar as asserted against the defendants Iceland Incorporated, Jacqueline Haenel, Stephen J. Haenel, and Stephan B. Gleich.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To avoid dismissal of the complaint as abandoned pursuant to CPLR 3215 (c), a plaintiff must offer a reasonable excuse for his or her delay and must demonstrate that the complaint is meritorious (*see Turnbull v Summit Entertainment Corp.,* 300 AD2d 392 [2002]; *Piccirillc v Greenspan,* 291 AD2d 486 [2002]; *Williams v Colonial Tr.,* 275 AD2d 368 [2000]; *Riggi v Sommerville,* 273 AD2d 290 [2000]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (*see Matter of Gambardella v Ortov Light.,* 278 AD2d 494 [2000]; *Parker v City of New York,* 272 AD2d 310 [2000]; *De Vito v Marine Midland Bank,* 100 AD2d 530 [1984]). The Supreme Court providently exercised its discretion in granting the motion to dismiss in light of the plaintiffs' failure to provide a reasonable excuse for the delay in seeking a default judgment. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.