■ In the Matter of HYE-YOUNG CHON, Respondent, v COUNTRY-WIDE INSURANCE COMPANY, Appellant. [803 NYS2d 699]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Country-Wide Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated September 28, 2004, as denied its motion, inter alia, to vacate a prior order and judgment (one paper) of the same court entered February 14, 2003, which, upon its default in appearing, granted the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

To vacate its default, the appellant was required to demonstrate a reasonable excuse for its nonappearance at a hearing and a meritorious defense (see CPLR 5015 [a] [1]). Whether an excuse is reasonable is a determination within the sound discretion of the court (see Abrams v City of New York, 13 AD3d 566 [2004]). The appellant's unsubstantiated excuse of law office failure did not rise to the level of a reasonable excuse (see Abrams v City of New York, supra; Grezinsky v Mount Hebron Cemetery, 305 AD2d 542 [2003]; cf. Empire Chevrolet Sales Corp. v Spallone, 304 AD2d 708 [2003]). Therefore, the Supreme Court providently denied the appellant's motion, inter alia, to vacate the order and judgment entered February 14, 2003, upon its default in appearing. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.