■ KAY WATERPROOFING CORP., Respondent, v RAY REALTY FULTON, INC., Appellant, et al., Defendants. [804 NYS2d 815]—

In an action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, the defendant Ray Realty Fulton, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (M. Garson, J.), dated April 8, 2005, as granted that branch of the plaintiff's motion which was for leave to enter judgment against it upon its default in answering the complaint and denied its cross application to dismiss the complaint insofar as asserted against it pursuant to CPLR 3215 (c), and (2) a judgment of the same court entered April 28, 2005, as, upon the order, is in favor of the plaintiff and against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for leave to enter judgment against Ray Realty Fulton, Inc., is denied, the cross application is granted, the complaint is dismissed insofar as asserted against Ray Realty Fulton, Inc., the action against the remaining defendants is severed, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d

241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (see CPLR 5501 [a] [1]).

When a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned (see CPLR 3215 [c]; *Geraghty v Elmhurst Hosp. Ctr. of N.Y. City Health & Hosps. Corp.*, 305 AD2d 634 [2003]). To avoid dismissal of the complaint as abandoned under such circumstances, a plaintiff must offer a reasonable excuse for the delay in moving for leave to enter a default judgment, and must demonstrate that the complaint is meritorious (see *London v Iceland Inc.*, 306 AD2d 517 [2003]; *Geraghty v Elmhurst Hosp. Ctr. of N.Y. City Health & Hosps. Corp., supra*). Here, the plaintiff did not move for leave to enter judgment against the defendant Ray Realty Fulton, Inc. (hereinafter Ray Realty), until more than four years after that defendant defaulted in answering the complaint, and the plaintiff failed to offer a reasonable excuse for this extensive delay. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to enter judgment against Ray Realty and exercised its authority pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against Ray Realty (see *London v Iceland Inc., supra; Geraghty v Elmhurst Hosp. Ctr. of N.Y. City Health & Hosps. Corp., supra; Piccirillo v Greenspan*, 291 AD2d 486 [2002]; *Lombardo v Kam Yong Yuen*, 285 AD2d 630 [2001]; *Opia v Chukwu*, 278 AD2d 394 [2000]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.