■ PAUL IORIZZO et al., Respondents, v ALFRED MATTIKOW et al., Appellants, et al., Defendant. [807 NYS2d 663]—

In an action to recover on a promissory note, the defendants Alfred Mattikow, Drexel Construction Corp., Maypat Realty Corp., and Charles I. Alfred Building Corp. appeal from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered December 22, 2004, which, upon so much of an order of the same court entered August 11, 2004, as granted that branch of the plaintiffs' motion which was for a default judgment against the defendants Alfred Mattikow and Maypat Realty Corp., is in favor of the plaintiffs and against the defendants Alfred Mattikow and Maypat Realty Corp. in the principal sum of $797,993.70.

Ordered that the appeal by the defendants Drexel Construction Corp. and Charles I. Alfred Building Corp. is dismissed, as those parties are not aggrieved by the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs demonstrated sufficient cause as to why this action should not be dismissed pursuant to CPLR 3215 (c), and why they were entitled to a judgment against the defendants Alfred Mattikow and Maypat Realty Corp. almost nine years after those defendants defaulted in appearing in the action.

An action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter (*see* CPLR 3215 [c]; *Greenpoint Bank v Ginyard*, 253 AD2d 451 [1998]). In order to avoid the dismissal of the action as abandoned, the plaintiff must offer a reasonable excuse for the delay and demonstrate the merits of the action (*id.; see State Farm Mut. Auto. Ins. Co. v Rodriguez*, 12 AD3d 662 [2004]). Here, service of the summons with notice was completed upon Alfred Mattikow and Maypat Realty Corp. in June 1995. Although the plaintiffs did not move for a default judgment until May 2004, the Supreme Court correctly determined that the plaintiffs offered a reasonable excuse for this delay.

The plaintiffs presented evidence of a prolonged and tortured history of settlement discussions, where Mattikow would allow years to pass between proposals based on speculative real estate ventures the success of which allegedly hinged on the plaintiffs'

forbearance from entering a judgment in this action. These elusive offers would materialize only after persistent requests for the resumption of negotiations and repeated threats of continued litigation from the plaintiffs' counsel. In light of this documented history, it was not unreasonable for the plaintiffs to delay more than two years from their counsel's last communication with Mattikow before moving to enter judgment on the default. The fact that Mattikow relocated his residence without notifying his creditors of his change of address only provided greater justification for the delay. In any event, the evidence of ongoing negotiations demonstrated that the plaintiffs had not abandoned the action (*see Ocuto Blacktop & Paving Co. v Trataros Constr.*, 277 AD2d 919, 920 [2000]; *Micheli v E.J. Builders*, 268 AD2d 777, 779 [2000]; *First Nationwide Bank v Pretel*, 240 AD2d 629 [1997]; *Corbin v Wood Pro Installers*, 184 AD2d 234 [1992]; *Hinds v 2461 Realty Corp.*, 169 AD2d 629, 632 [1991]; *Rosenbaum v Ace Tr. Corp.*, 112 AD2d 210 [1985]).

As to the meritorious nature of their claim, the plaintiffs introduced the promissory note issued by Maypat Realty Corp. (hereinafter Maypat) on September 1, 1989, in the amount of $175,000. The note was duly executed by Maypat's President, Alfred Mattikow, on behalf of the corporation. The note was personally guaranteed by Mattikow. The affidavit of the plaintiff Paul Iorizzo established that no amount of principal or interest had been paid on the note although same was demanded. Mattikow acknowledged the debt in a draft settlement proposal he sent to the plaintiffs' counsel on May 5, 1994, and at least twice thereafter.

Under these circumstances, the Supreme Court's decision to excuse the plaintiffs' delay and grant that branch of their motion which was for leave to enter a default judgment against Mattikow and Maypat was a provident exercise of discretion, especially in the absence of any prejudice to those defendants caused by the delay. The remaining contentions of those defendants are without merit. H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.