■ RAYMOND COSTELLO et al., Appellants, v STEVEN P. REILLY et al., Respondents, et al., Defendants. [828 NYS2d 172]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), entered February 6, 2006, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 306-b and 3215 (c).

Ordered that the order is affirmed, with costs.

Since the plaintiffs failed to move for leave to enter a default judgment within one year after the defendant Steven P. Reilly (hereinafter Reilly) defaulted in answering the complaint (*see* CPLR 3215 [c]), they were required, in order to avoid dismissal of the complaint as to that defendant as abandoned, to demonstrate a reasonable excuse for their delay in seeking a default judgment and a meritorious cause of action (*see Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624 [2005]; *Akler v Booth Mem. Med. Ctr.*, 257 AD2d 640 [1999]; CPLR 5015 [a] [1]). Whether an excuse is reasonable is a determination committed to the sound discretion of the court (*see Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d 849 [2005]; *Abrams v City of New York*, 13 AD3d 566 [2004]). While a court has discretion to excuse, in the interest of justice, defaults resulting from "law office failure" (*see* CPLR 2005, 3012 [d]), here, based upon the length of the delay, which exceeded four years, and the unsubstantiated excuse proffered by the plaintiffs' counsel, the Supreme Court providently exercised its discretion in granting that branch of the motion which was to dismiss the complaint insofar as asserted against Reilly (*see Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624 [2005]; *Robinson v New York City Tr. Auth.*, 203 AD2d 351 [1994]). Fur-

ther, the plaintiffs' attempt to establish the merits of their claim on the basis of the verified complaint alone is insufficient since the complaint was verified by the plaintiffs' attorney rather than by the plaintiffs themselves (*see Geraghty v Elmhurst Hosp. Ctr. of N.Y. City Health & Hosps. Corp.*, 305 AD2d 634 [2003]; *Richards v Lewis*, 243 AD2d 615 [1997]).

The plaintiffs correctly concede that the defendant Joanne Reilly was never personally served. Thus, the Supreme Court correctly granted that branch of the motion which was to dismiss the complaint insofar as asserted against Joanne Reilly (*see* CPLR 306-b; *Hafkin v North Shore Univ. Hosp.*, 279 AD2d 86 [2000]; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]). Mastro, J.P., Spolzino, Florio and Skelos, JJ., concur.