■ HOWARD DURR, Respondent, v NEW YORK COMMUNITY HOSPITAL et al., Defendants, and DAVID JOSEPH et al., Appellants. [840 NYS2d 430]—

In an action, inter alia, to recover damages for medical malpractice, the defendant David Joseph appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated February 15, 2006, as denied his motion pursuant to CPLR 3211 (a) (8) or, alternatively, pursuant to CPLR 3215 (c), to dismiss the complaint insofar as asserted against him, and the defendant Central Brooklyn Medical Group, P.C., appeals, as limited by its brief, from so much of the same order as denied its motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Brooklyn Central Medical Group, P.C., and that branch of the motion of the defendant David Joseph which was to dismiss the complaint pursuant to CPLR 3215 (c) are granted.

The plaintiff commenced this medical malpractice action on April 13, 2004. The defendant Central Brooklyn Medical Group, P.C. (hereinafter Central Brooklyn), was served with process on April 21, 2004 and defaulted in appearing. The defendant David

Joseph purportedly was served pursuant to CPLR 308 (2) by delivery on May 3, 2004 of the summons and complaint and certificate of merit to a person identified as an administrative assistant at the defendant New York Community Hospital at 2525 Kings Highway in Brooklyn, and by mailing of a copy thereof on May 11, 2004 to that defendant. The process server's affidavit was filed on May 13, 2004. Joseph also defaulted in appearing.

Since the plaintiff failed to move for leave to enter a default judgment within one year after Joseph and Central Brooklyn defaulted in answering the complaint (*see* CPLR 3215 [c]), in order to avoid dismissal of the complaint as abandoned as to those defendants, the plaintiff was required to demonstrate a reasonable excuse for its delay in seeking a default judgment and a meritorious cause of action against those defendants (*see* CPLR 5015 [a] [1]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624 [2005]; *Akler v Booth Mem. Med. Ctr.*, 257 AD2d 640 [1999]). Whether an excuse is reasonable is a determination committed to the sound discretion of the court (*see Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d 849 [2005]; *Abrams v City of New York*, 13 AD3d 566 [2004]). Here, in view of the unsubstantiated excuse proffered by the plaintiff's counsel as to both Joseph and Central Brooklyn, and the fact that the purported affidavit of merit of the plaintiff's expert failed to implicate Central Brooklyn in the alleged malpractice (or even mention that defendant) and was inadequate to demonstrate a meritorious claim against Joseph, the Supreme Court's denial of that branch of Joseph's motion and the motion of Central Brooklyn which were to dismiss the complaint pursuant to CPLR 3215 (c) was an improvident exercise of its discretion (*see Costello v Reilly*, 36 AD3d 581 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc., supra*; *London v Iceland Inc.*, 306 AD2d 517 [2003]; *Geraghty v Elmhurst Hosp. Ctr. of N.Y. City Health & Hosps. Corp.*, 305 AD2d 634 [2003]; *Moxson v United Airlines*, 282 AD2d 725 [2001]; *Baldwin v St. Clare's Hosp.*, 63 AD2d 761 [1978]; *cf. Iorizzo v Mattikow*, 25 AD3d 762 [2006]).

Joseph's remaining contentions have been rendered academic in light of our determination. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.