■ COUNTY OF NASSAU, Respondent, v DONALD J. CHMELA III, Appellant, et al., Defendants. [846 NYS2d 299]—

In a civil forfeiture action, the defendant Donald J. Chmela III appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered December 7, 2006, as denied that branch of his motion which was to dismiss the action as abandoned pursuant to CPLR 3215 (c).

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the motion of the defendant Donald J. Chmela III which was to dismiss the action as abandoned is granted.

"When a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned" (*Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624, 625 [2005]; see CPLR 3215 [c]). "To avoid dismissal of the complaint as abandoned under such circumstances, a plaintiff must offer a reasonable excuse for the delay in moving for leave to enter a default judgment, and must demonstrate that the complaint is meritorious" (*Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d at 625).

Here, the defendant Donald J. Chmela III (hereinafter the defendant) was in default as of March 14, 2005. However, the plaintiff offered no excuse for its failure to take any action in this matter until May 5, 2006, over 13 months later, when it contacted the defendant's former attorney in a related, but now concluded, criminal matter. Under these circumstances, the Supreme Court improvidently exercised its discretion in finding there was a sufficient excuse and in denying that branch of the defendant's motion which sought to dismiss this matter as abandoned (*see Costello v Reilly*, 36 AD3d 581 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624 [2005]; *see generally Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648, 652-654 [2004]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.