■ SERGE DuBois et al., Appellants, v ROSLYN NATIONAL MORTGAGE CORPORATION et al., Respondents. [861 NYS2d 73]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Ambrosio, J.), dated November 27, 2006, which granted that branch of the motion of the defendant Argent Mortgage Company, LLC, which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3215 (c), denied their cross motion, in effect for summary judgment, and, sua sponte, directed the dismissal of the complaint with prejudice as to all of the defendants.

Ordered that the order is affirmed, with one bill of costs.

"When a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned" (*Kay Waterproofing Corp. v Ray Realty Fulton, Inc.,* 23 AD3d 624, 625 [2005]; *see County of Nassau v Chmela,* 45 AD3d 722 [2007]; *State Farm Mut. Auto. Ins. Co. v Rodriguez,* 12 AD3d 662, 663 [2004]; *see also* CPLR 3215 [c]). "To avoid dismissal of the complaint as abandoned under such circumstances, a plaintiff must offer a reasonable excuse for the delay in moving for leave to enter a default judgment, and must demonstrate that the complaint is meritorious" (*Kay Waterproofing Corp. v Ray Realty Fulton, Inc.,* 23 AD3d at 625; *see County of Nassau v Chmela,* 45 AD3d 722 [2007]; *Durr v New York Community Hosp.,* 43 AD3d 388 [2007]; *Costello v Reilly,* 36 AD3d 581 [2007]; *London v Iceland Inc.,* 306 AD2d 517 [2003]). Here, the plaintiffs offered no reasonable excuse for failing to enter a judgment against the defendants within one year of their failure to answer (*cf. County of Nassau v Chmela,* 45 AD3d 722 [2007]; *Durr v New York Community Hosp.,* 43 AD3d 388 [2007]; *Iskhakova v Klages,* 37 AD3d 542 [2007]; *Oparaji v Madison Queens-Guy Brewer,* 293 AD2d 591, 592 [2002]). Moreover, there is no merit to the causes of action alleged in their complaint (*see Oparaji v Madison Queens-Guy Brewer,* 293 AD2d 591, 592 [2002]; *cf. Durr v New York Community Hosp.,* 43 AD3d 388 [2007]; *Radish v Rodriguez,* 31 AD3d 524 [2006]). Accordingly, the Supreme Court properly granted that branch of the motion of the defendant Argent Mortgage Company, LLC, which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3215 (c), denied the plaintiffs' cross motion for judgment in their favor, and, sua sponte, directed the dismissal of the complaint with prejudice as to all defendants. Santucci, J.P., Covello, Belen and Chambers, JJ., concur.