■ LEIGH R. MATTERA, Respondent, v ISO R. CAPRIC et al., Appellants. [864 NYS2d 98]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated January 29, 2008, as, in effect, denied that branch of their cross motion pursuant to CPLR 3215 (c) which was to dismiss the complaint as abandoned.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the defendants' cross motion pursuant to CPLR 3215 (c) which was to dismiss the complaint as abandoned is granted.

"When a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned" (*Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624, 625 [2005]; *see* CPLR 3215 [c]). "To avoid dismissal of the complaint as abandoned pursuant to CPLR 3215 (c), a plaintiff must offer a reasonable excuse for his or her delay and must demonstrate that the complaint is meritorious" (*London v Iceland Inc.*, 306 AD3d 517 [2003]; *see Scrimenti v Dry Harbor Nursing Home*, 34 AD3d 439, 440 [2006]).

Here, the plaintiff failed to offer a reasonable excuse why she

did not move for leave to enter judgment against the defendants until nearly 3¹/₂ years after their default in answering or appearing (*see* CPLR 3215 [c]; *Wayloo v Sheikh*, 2 AD3d 629, 630 [2003]). The purported excuse that the plaintiff did not learn of her former attorney's failure to make a motion for leave to enter judgment until a 2007 uninsured motorist arbitration hearing was held was insufficient since it was supported solely by the affirmation of her current attorney, which was not based on personal knowledge (*see Riverhead Bldg. Supply Corp. v Regine Starr, Inc.*, 249 AD2d 532 [1998]). Moreover, the plaintiff's claim of law office failure caused by her former attorney allegedly suffering a stroke in early 2007 was legally insufficient, not only because the alleged stroke occurred after the one-year statutory time period had expired (*see Rafiq v Weston*, 171 AD2d 783, 784 [1991]), but also because the purported excuse was vague, conclusory, and unsubstantiated (*see Lugauer v Forest City Ratner Co.*, 44 AD3d 829, 830 [2007]; *Costello v Reilly*, 36 AD3d 581 [2007]; *Opia v Chukwu*, 278 AD2d 394 [2000]).

The plaintiff also failed to demonstrate the merits of her complaint. She did not submit an affidavit of merit, and her attorney's affirmation was not based upon personal knowledge and did not set forth sufficient evidentiary facts (*see Oversby v Linde Div. of Union Carbide Corp.*, 121 AD2d 373 [1986]). Moreover, the verified complaint was insufficient since it was verified by the plaintiff's former attorney rather than by the plaintiff herself (*see Costello v Reilly*, 36 AD3d at 581-582).

Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion pursuant to CPLR 3215 (c) which was to dismiss the complaint as abandoned. Mastro, J.P., Dillon, Eng and Belen, JJ., concur.