■ ANTHONY BUTINDARO, Respondent, v MIKHAIL GRINBERG et al., Defendants, and MICHAEL JOSOVITZ, Appellant. [871 NYS2d 317]—

The plaintiff commenced this action on December 8, 2005 seeking to recover damages for medical malpractice and wrongful death. Although the appellant doctor Michael Josovitz was allegedly served with process on December 26, 2005 he defaulted in appearing or answering the complaint. However, the plaintiff took no steps to enter a default judgment against the appellant, and in October 2007 the appellant moved pursuant to CPLR 3215 (c), or in the alternative, pursuant to CPLR 306-b and 3211 (a) (8), to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court, in effect, denied the appellant's motion. We reverse.

Where, as here, a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned (*see* CPLR 3215 [c]; *DuBois v Roslyn Natl. Mtge. Corp.,* 52 AD3d 564, 565 [2008]; *County of Nassau v Chmela,* 45 AD3d 722 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.,* 23 AD3d 624 [2005]). Thus, to avoid dismissal of the complaint against the appellant, the plaintiff was required to demonstrate both a reasonable excuse for his delay in seeking a default judgment and the existence of a meritorious cause of action (*see Staples v Jeff Hunt Devs., Inc.,* 56 AD3d 459 [2008]; *DuBois v Roslyn Natl. Mtge. Corp.,* 52 AD3d at 565; *County of Nassau v Chmela,* 45 AD3d 722 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.,* 23 AD3d 624 [2005]). Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised (*see Staples v Jeff Hunt Devs., Inc.,* 56 AD3d 459

[2008]; *McHenry v Miguel*, 54 AD3d 912 [2008]). Here, the only excuse offered for the plaintiff's failure to make a timely motion for leave to enter a default judgment was that his attorney had twice spoken "to the doctor's office" prior to the expiration of the one year period, and been advised that the appellant was forwarding the complaint to his insurance carrier. These unsubstantiated allegations were insufficient to excuse the plaintiff's failure to seek a default judgment, which extended well beyond the expiration of the one-year period (*see Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459 [2008]; *Mattera v Capric*, 54 AD3d 827 [2008]; *County of Nassau v Chmela*, 45 AD3d 722 [2007]; *Durr v New York Community Hosp.*, 43 AD3d 388 [2007]). Furthermore, the plaintiff failed to demonstrate the existence of a meritorious cause of action against the appellant (*see Durr v New York Community Hosp.*, 43 AD3d 388 [2007]; *Williams v D'Angelo*, 24 AD3d 538, 539 [2005]; *Iazzetta v Vicenzi*, 243 AD2d 540 [1997]). Under these circumstances, the Supreme Court should have granted that branch of the appellant's motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned.

In light of our determination, we need not reach the appellant's contentions regarding alternative grounds for dismissal. Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.