■ EBONIE RYANT, Appellant, v SHAMEL BULLOCK et al., Respondents. [908 NYS2d 884]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weinstein, J.), dated April 24, 2009, as granted the motion of the defendants Shamel Bullock and Adrienne Bullock pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them, and granted that branch of the cross motion of the defendants Adir Rent A Car and Georgiana Thompson, which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

It is undisputed that the defendants defaulted in appearing or answering the complaint, and that the plaintiff failed to move for leave to enter a default judgment against them within one year after the defaults. Therefore, the plaintiff was required to demonstrate a reasonable excuse for her delay in seeking a default judgment, and a potentially meritorious cause of action, in order to avoid dismissal of the complaint as abandoned (*see* CPLR 3215 [c]; *Solano v Castro*, 72 AD3d 932, 933 [2010]; *115-41 St. Albans Holding Corp. v Estate of Harrison*, 71 AD3d 653 [2010]; *Butindaro v Grinberg*, 57 AD3d 932 [2008]; *Durr v*

*New York Community Hosp.*, 43 AD3d 388 [2007]). The plaintiff's unsubstantiated excuse that the delay was occasioned by unspecified efforts to identify the defendants' insurance carriers was insufficient to excuse the delay in seeking a default judgment (*see Butindaro v Grinberg*, 57 AD3d 932 [2008]; *Mattera v Capric*, 54 AD3d 827 [2008]; *Durr v New York Community Hosp.*, 43 AD3d 388, 389 [2007]). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the motion and that branch of the cross motion which were to dismiss the complaint pursuant to CPLR 3215 (c). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.