■ WILLIE CASTRO, Respondent, v A&P SUFFOLK LIMO, Appellant, et al., Defendant. [923 NYS2d 352]—

In an action to recover damages for personal injuries, the defendant A&P Suffolk Limo appeals from (1) an order of the Supreme Court, Queens County (McDonald, J.), dated April 5, 2010, which granted that branch of the plaintiff's motion which was to vacate an order of the same court dated March 26, 2009, granting its motion to dismiss the complaint pursuant to CPLR 3215 (c) insofar as asserted against it on the ground that the plaintiff had not entered a judgment within one year of its default, and (2) an order of the same court dated June 21, 2010, which granted its motion to dismiss the complaint insofar as asserted against it only to the extent of compelling the plaintiff to accept its answer, and granted that branch of the plaintiff's cross motion which was for leave to serve an amended summons and complaint to accurately reflect that defendant's name.

Ordered that the order dated April 5, 2010, is reversed, on the facts and in the exercise of discretion, and that branch of the plaintiff's motion which was to vacate the order dated March 26, 2009, granting the appellant's motion to dismiss the complaint pursuant to CPLR 3215 (c) insofar as asserted against it on the ground that the plaintiff had not entered a judgment within one year of the appellant's default is denied; and it is further,

Ordered that the appeal from the order dated June 21, 2010, is dismissed as academic, and the order dated June 21, 2010, is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

To avoid dismissal of the complaint as abandoned pursuant to CPLR 3215 (c), the plaintiff was required to offer a reasonable excuse for his delay in seeking a default judgment and must demonstrate that he had a potentially meritorious cause of action (*see Costello v Reilly*, 36 AD3d 581 [2007]; *Gleason v Gottlieb*, 35 AD3d 355 [2006]). Here, the plaintiff failed to offer an adequate excuse for the over two-year delay in seeking a default judgment. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to vacate the order granting the appellant's motion to dismiss the complaint pursuant to CPLR 3215 (c) insofar as asserted against it on the ground that the plaintiff had not entered a judgment within one year of its default. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.