■ CAROLYN KOHN, Respondent, v TRI-STATE HARDWOODS, LTD., Appellant, et al., Defendant. [937 NYS2d 865]

It is undisputed that the plaintiff defaulted in serving a reply to the appellant's counterclaim and that the appellant failed to move for leave to enter a default judgment on the counterclaim within one year after the default. Since the appellant failed to make a timely motion for leave to enter a default judgment, it was required to demonstrate a reasonable excuse for its delay in seeking a default judgment and a potentially meritorious claim (*see Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2011]; *Costello v Reilly*, 36 AD3d 581 [2007]; *Iorizzo v Mattikow*, 25 AD3d 762, 763 [2006]; *Oparaji v Madison Queens-Guy Brewer*, 293 AD2d 591, 592 [2002]). The appellant failed to demonstrate a reasonable excuse for its delay of over two years after the one-year statutory time period had expired (*see Butindaro v Grinberg*, 57

AD3d 932, 933 [2008]; *Mattera v Capric*, 54 AD3d 827, 828 [2008]; *Lugauer v Forest City Ratner Co.*, 44 AD3d 829, 830 [2007]; *Opia v Chukwu*, 278 AD2d 394 [2000]). Accordingly, the appellant's motion for leave to enter a default judgment on the counterclaim was properly denied.

The appellant's remaining contention is without merit. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.