■ BANK OF NEW YORK, as Trustee for the CERTIFICATEHOLDERS, CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-18, Respondent, v ALEX KUSHNIR, Appellant, et al., Defendants. [55 NYS3d 329]—

In an action to foreclose a mortgage, the defendant Alex Kushnir appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated September 3, 2014, as denied that branch of his motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned and, sua sponte, directed the plaintiff to submit an order of reference. The notice of appeal from an order of reference dated October 16, 2014, is

deemed to be a notice of appeal from the order dated September 3, 2014 (*see* CPLR 5512 [a]).

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated September 3, 2014, as, sua sponte, directed the plaintiff to submit an order of reference is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated September 3, 2014, is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Alex Kushnir which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and the order of reference dated October 16, 2014, is vacated.

In September 2006, Alex Kushnir (hereinafter the defendant) borrowed the sum of $400,400 from America's Wholesale Lender (hereinafter AWL). The loan was evidenced by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting solely as nominee for AWL, encumbering certain real property in Brooklyn. Thereafter, the note and mortgage were allegedly assigned to Bank of New York (hereinafter BNY).

In August 2007, BNY commenced this action against the defendant, among others, to foreclose the mortgage. The defendant did not answer the complaint. However, in October 2007, the defendant entered into a loan modification agreement.

In June 2014, the defendant moved, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned. BNY opposed the motion and cross-moved to cancel the notice of pendency and discontinue the action. In an order dated September 3, 2014, the Supreme Court denied the motion and the cross motion, and, sua sponte, directed the plaintiff to submit an order of reference. Subsequently, the court issued an order of reference dated October 16, 2014. The defendant appeals.

CPLR 3215 (c) provides, with regard to default judgments, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215 [c]) for which default judgments are not sought within the requisite one-year period,

as those claims are then deemed abandoned" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 307-308 [2011]; *see Butindaro v Grinberg*, 57 AD3d 932 [2008]; *DuBois v Roslyn Natl. Mtge. Corp.*, 52 AD3d 564, 565 [2008]; *County of Nassau v Chmela*, 45 AD3d 722, 722 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624, 625 [2005]). "The one exception to the otherwise mandatory language of CPLR 3215 (c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if 'sufficient cause is shown why the complaint should not be dismissed' " (*Giglio v NTIMP, Inc.*, 86 AD3d at 308, quoting CPLR 3215 [c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (*Giglio v NTIMP, Inc.*, 86 AD3d at 308; *see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751-752 [2014]; *Ryant v Bullock*, 77 AD3d 811, 811 [2010]; *Solano v Castro*, 72 AD3d 932, 932-933 [2010]).

Here, in opposing the defendant's motion, BNY did not offer an excuse for never seeking to enter a default judgment and, instead, belatedly sought to discontinue the action. In any event, BNY, in opposing the defendant's motion, failed to demonstrate that it had a potentially meritorious cause of action (*cf. Citimortgage, Inc. v Noel*, 145 AD3d 957 [2016]; *U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]). Under the circumstances, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him as abandoned.

In view of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.