Quadrozzi Concrete Corp. Individual Account Plan & Trust v Javash Realty, LLC (2018 NY Slip Op 06285)





Quadrozzi Concrete Corp. Individual Account Plan & Trust v Javash Realty, LLC


2018 NY Slip Op 06285


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-10368
 (Index No. 3622/04)

[*1]Quadrozzi Concrete Corporation Individual Account Plan and Trust, etc., appellant, 
v
Javash Realty, LLC, respondent, et al., defendants.


James Klatsky, Merrick, NY, for appellant.
Hagan, Coury & Associates, Brooklyn, NY (Paul Golden of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 15, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Javash Realty, LLC, which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2004, the plaintiff commenced this foreclosure action against Javash Realty, LLC (hereinafter Javash), among others. The defendants did not file an answer, nor were any other papers filed until the plaintiff filed an amended complaint in 2015. During that 11-year period, however, there were some communications between Javash and the plaintiff, including a 2007 letter from Javash's attorney to the plaintiff concerning taxes and mortgage payments, as well as negotiations in 2010 for a new mortgage.
Rather than file an answer to the amended complaint, Javash moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned. The Supreme Court, inter alia, granted that branch of the motion.
Pursuant to CPLR 3215(c), if a plaintiff "fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see Iorizzo v Mattikow, 25 AD3d 762, 763). The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court (see Giglio v NTIMP, Inc., 86 AD3d 301, 308; Parker v City of New York, 272 AD2d 310, 311).
Here, it is undisputed that the plaintiff failed to move for leave to enter judgment within one year of Javash's default. Contrary to the plaintiff's contention, the plaintiff failed to offer a reasonable excuse for its delay in so moving (see CPLR 3215[c]). Neither the 2007 letter from [*2]Javash's attorney nor any communications between the parties in 2010 constituted a reasonable excuse for the multi-year delay that preceded those communications (see JBBNY, LLC v Begum, 156 AD3d 769, 772; Butindaro v Grinberg, 57 AD3d 932, 933; Monzon v Sony Motor, 115 AD2d 714, 715). Nor did that same evidence constitute a reasonable excuse for the multi-year delay subsequent to those communications (see Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 846). Additionally, the payments of various sums under the note is not a basis to excuse the plaintiff's neglect of this action (see Counsel Abstract, Inc. Defined Benefit Pension Plan v Jerome Auto Ctr., Inc., 23 AD3d 274, 276).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of Javash's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court