HSBC Bank USA, N.A. v Guevara (2019 NY Slip Op 01576)





HSBC Bank USA, N.A. v Guevara


2019 NY Slip Op 01576


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-04180
 (Index No. 7261/13)

[*1]HSBC Bank USA, N.A., respondent,
v
Agustina Guevara, appellant, et al., defendants.


Richland & Falkowski, PLLC, Astoria, NY (Daniel H. Richland of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Agustina Guevara appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 8, 2016. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendant Agustina Guevara which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted.
On April 18, 2013, the plaintiff commenced this action to foreclose a mortgage given by the defendant Agustina Guevara. Guevara never answered the complaint. On August 6, 2015, Guevara moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. In opposition, the plaintiff submitted evidence which established that the action had been sent to the foreclosure settlement conference part on November 20, 2013, and had been released from that part on February 19, 2014. The plaintiff also submitted evidence that it had changed attorneys on August 18, 2015. The Supreme Court, inter alia, denied that branch of Guevara's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, and Guevara appeals.
"An action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter. In order to avoid the dismissal of the action as abandoned, the plaintiff must offer a reasonable excuse for the delay and demonstrate the merits of the action" (Iorizzo v Mattikow, 25 AD3d 762, 763 [citations omitted]; see CPLR 3215[c]). "Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised" (Butindaro v Grinberg, 57 AD3d 932).
Here, the plaintiff offered no reasonable excuse for its failure to take proceedings for the entry of judgment for more than a year after the action was released from the foreclosure settlement conference part (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). The plaintiff's change of attorney does not constitute a reasonable excuse for its failure to prosecute, because the change occurred after the statutory one-year period had already expired (see Mattera v Capric, 54 [*2]AD3d 827, 828).
Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of Guevara's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court