HSBC Bank USA, N.A. v Lem (2021 NY Slip Op 03311)





HSBC Bank USA, N.A. v Lem


2021 NY Slip Op 03311


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-02767
 (Index No. 22480/13)

[*1]HSBC Bank USA, N.A., etc., appellant,
v
Alfredo Lem, respondent, et al., defendants.


Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
David J. Broderick, P.C., Forest Hills, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 15, 2019. The order granted the motion of the defendant Alfredo Lem pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed, with costs.
On March 9, 2006, the defendant Alfredo Lem (hereinafter the defendant) borrowed the sum of $516,150 from the plaintiff's predecessor in interest. The loan was evidenced by a note signed by the defendant and secured by a mortgage signed by the defendant encumbering certain real property in Brooklyn. In December 2013, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant, alleging that as of April 1, 2007, he defaulted on his payment obligations under the note and mortgage. The defendant did not interpose an answer to the complaint or to an amended complaint filed in December 2016.
In May 2018, the defendant moved pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against him as abandoned, based upon the plaintiff's failure to take proceedings for the entry of a default judgment against him within one year after the default. The plaintiff opposed the motion, contending that it had demonstrated a reasonable excuse for its delay in moving for a default judgment and a potentially meritorious cause of action. In an order dated January 15, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [internal quotation marks omitted]). "The failure to timely seek a default may be excused if 'sufficient cause is shown why the complaint should not be dismissed' (CPLR 3215[c]), which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (id. at 671; see HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1035). "In a mortgage foreclosure action, a plaintiff satisfies the requirements of CPLR 3215(c) when, within one year of a defendant's default, the plaintiff takes the 'preliminary step toward obtaining a default judgment of foreclosure [*2]and sale by moving . . . for an order of reference' pursuant to RPAPL 1321" (U.S. Bank N.A. v Penate, 176 AD3d 758, 760, quoting Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1073).
Contrary to the plaintiff's contention, it failed to demonstrate sufficient cause for its failure to timely seek a default judgment against the defendant. Specifically, the plaintiff failed to demonstrate how its first change in counsel, in February 2017, prevented it from moving for a default judgment within one year of the defendant's default in answering. Apart from submitting a copy of the consent to change attorney form, the plaintiff offered only an affirmation from its third and current attorney, which was not based upon personal knowledge of the pertinent events in 2017 (see Mattera v Capric, 54 AD3d 827, 828; see also Countrywide Home Loans, Inc. v Vittorio, 178 AD3d 1017, 1018-1019), and which contained only conclusory and unsubstantiated assertions that the 2017 change in counsel prevented the plaintiff from timely moving for a default judgment (see Bank of Am., N.A. v Santos, 175 AD3d 449, 451; Mattera v Capric, 54 AD3d at 828). The plaintiff's second change in counsel occurred more than one year after the defendant defaulted in answering, and therefore is legally insufficient to justify the plaintiff's failure to seek a default judgment (see HSBC Bank USA, N.A. v Guevara, 170 AD3d 684, 685; Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020).
As the plaintiff failed to proffer a reasonable excuse for its delay in initiating proceedings for a default judgment, it is not necessary to consider whether it had a potentially meritorious cause of action (see CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 844; JPMorgan Chase Bank, N.A. v Greenberg, 177 AD3d 860, 862; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
The defendant's remaining contention is improperly raised for the first time on appeal and, in any event, has been rendered academic by our determination.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court