Weiner v Anzaroot (2025 NY Slip Op 04934)

Weiner v Anzaroot

2025 NY Slip Op 04934

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-06172
 (Index No. 509971/18)

[*1]Joseph Weiner, etc., respondent, 
v
Marlene Anzaroot, et al., appellants, et al., defendant.

Mizrahi Legal PLLC, Brooklyn, NY (Evan Mizrahi and Jared Louzon of counsel), for appellants.
Stahl & Zelmanovitz, New York, NY (Joseph Zelmanovitz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, conversion, and unjust enrichment, the defendants Marlene Anzaroot and Ike Anzaroot appeal from a judgment of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated April 4, 2023. The judgment, upon so much of an order of the same court dated February 22, 2023, as granted the plaintiff's motion for leave to enter a default judgment against those defendants and denied those defendants' cross-motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against them as abandoned, is in favor of the plaintiff and against those defendants in the principal sum of $952,422.86.
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter a default judgment against the defendants Marlene Anzaroot and Ike Anzaroot is denied, those defendants' cross-motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against them as abandoned is granted, and the order is modified accordingly.
In May 2018, the plaintiff commenced this action against the defendants Marlene Anzaroot and Ike Anzaroot (hereinafter together the defendants), and another defendant, inter alia, to recover damages for negligence, conversion, and unjust enrichment arising from a joint venture that the plaintiff alleged he entered into with the defendants to purchase certain real property. The defendants were served with an amended complaint in August 2018 but did not answer or otherwise appear in the action.
Approximately four years later, in September 2022, the plaintiff moved for leave to enter a default judgment against the defendants. The defendants opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against them as abandoned. In an order dated February 22, 2023 (hereinafter the February 2023 order), the Supreme Court, among other things, granted the plaintiff's motion and denied the defendants' cross-motion. On April 4, 2023, the court, upon so much of the February 2023 order as granted the plaintiff's motion for leave to enter a default judgment against the defendants and denied the [*2]defendants' cross-motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against them as abandoned, issued a judgment in favor of the plaintiff and against the defendants in the principal sum of $952,422.86. The defendants appeal from the judgment.
CPLR 5501(a)(1) provides that an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment . . . provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken."
"CPLR 3215(a) provides that '[w]hen a defendant has failed to appear, plead or proceed to trial . . . the plaintiff may seek a default judgment against him [or her]'" (US Bank N.A. v Davis, 196 AD3d 530, 532), however, the plaintiff must do so within one year of the default (see CPLR 3215[a]). Here, the defendants were served with the amended complaint in August 2018 and, thus, were required to answer or move to dismiss the amended complaint within 20 days of the service of process on each of them (see id. § 3012[a]). The defendants failed to do so. Therefore, the plaintiff was required to take proceedings for the entry of a default judgment against the defendants no later than August 2019, which was one year after the defendants' default (see id. § 3215[a]). The plaintiff did not do so.
"'Failure to take proceedings for entry of judgment may be excused . . . upon a showing of sufficient cause'" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764). "'Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised'" (Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 456 [alteration omitted], quoting Butindaro v Grinberg, 57 AD3d 932, 932).
Since the plaintiff did not move for leave to enter a default judgment against the defendants within one year of the defendants' default, the plaintiff was required to demonstrate that he had a reasonable excuse for the delay in taking proceedings for the entry of a default judgment against the defendants and a potentially meritorious action (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613, 613-614).
Contrary to the determination of the Supreme Court, the plaintiff failed to provide a reasonable excuse for his failure to take proceedings for the entry of a default judgment against the defendants for approximately four years after the defendants' default. The plaintiff's contention that the delay was due to his continuing litigation against a nondefaulting defendant in the action, without more, does not constitute a reasonable excuse, as the plaintiff failed to show how motion and discovery practice related to the nondefaulting defendant hindered him from taking any steps to initiate proceedings for the entry of a default judgment against the defendants (see U.S. Bank N.A. v Moster, 196 AD3d 663, 665). Likewise, the plaintiff's contention that he had to retain new counsel after his prior counsel failed to submit opposition to a motion by the nondefaulting defendant, which occurred after the one-year period to take proceedings for the entry of a default judgment against the defendants had expired, also did not explain his delay in taking proceedings for the entry of a default judgment against the defendants (see HSBC Bank USA, N.A. v Lem, 194 AD3d 1027, 1029). Thus, the plaintiff failed to proffer a reasonable excuse for his delay in taking proceedings for the entry of a default judgment against the defendants (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 614).
In light of the plaintiff's failure to articulate a reasonable excuse for his delay in taking proceedings for the entry of a default judgment against the defendants, we need not reach the issue of whether the plaintiff has a potentially meritorious action (see U.S. Bank N.A. v Moster, 196 AD3d at 665).
"CPLR 3215(c) provides that if the plaintiff fails to take proceedings for the entry of judgment within one year after a default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (U.S. Bank N.A. v Moster, 196 AD3d at 664 [*3][alteration and internal quotation marks omitted]; see CPLR 3215[c]). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 456 [internal quotation marks omitted]).
Accordingly, as the plaintiff failed both to move for leave to enter a default judgment against the defendants within the requisite one-year period and to articulate a reasonable excuse for his failure to do so, the plaintiff's motion for leave to enter a default judgment against the defendants should have been denied and the defendants' cross-motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against them as abandoned should have been granted.
The defendants' remaining contentions are improperly raised for the first time on appeal and, in any event, need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court