■ Montefiore Medical Center et al., Appellants, v Liberty Mutual Insurance Company, Respondent. [818 NYS2d 464]—

In an action to recover no-fault benefits, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated October 3, 2005, as, upon renewal, adhered to so much of a prior determination in an order of the same court dated July 15, 2004, as denied that branch of their motion which was made on behalf of the plaintiff Montefiore Medical Center for summary judgment on the first cause of action, asserted on behalf of the plaintiff Montefiore Medical Center, and granted the defendant's cross motion dismissing that cause of action.

Ordered that the appeal by the plaintiffs Hospital for Joint Diseases and Mary Immaculate Hospital is dismissed, without costs or disbursements, as they are not aggrieved by the order; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly determined that the defendant, Liberty Mutual Insurance Company, established a meritorious defense to the first cause of action. The defendant established that it had cancelled the policy of insurance covering the subject vehicle before the date of the accident. It is well settled that no

notice of disclaimer is required where the policy does not provide coverage for the claim, nor do principles of waiver or estoppel preclude the insurer from denying coverage in this case (*see Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195 [1997]; *Zappone v Home Ins. Co.*, 55 NY2d 131 [1982]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568 [2004]; *Commissioners of State Ins. Fund v Aetna Cas. & Sur. Co.*, 283 AD2d 335 [2001]).

Contrary to the contention of the plaintiff Montefiore Medical Center, the affidavit of the defendant's claims representative based on records maintained by the insurer in the ordinary course of business was sufficient to establish the defense (*see Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432, 433 [2004]). Similarly, the documents submitted on the cross motion demonstrate that the insurer effectively canceled the policy (*see Hughson v National Grange Mut. Ins. Co.*, 110 AD2d 1072 [1985]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.