■ WELLS FARGO BANK, N.A., Respondent, v TIMOTHY M. ROONEY, Appellant, et al., Defendants. [19 NYS3d 543]—

In an action to foreclose a mortgage, the defendant Timothy M. Rooney appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Rosa, J.), dated April 15, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the

amended complaint insofar as asserted against him, to strike his answer, and for an order of reference, (2) from a second order of the same court, also dated April 15, 2013, which denied his motion, in effect, to vacate an order of the same court (DiBella, J.), dated December 19, 2012, which granted the plaintiff's unopposed motion, inter alia, for leave to serve and file an amended complaint, and (3), as limited by his brief, from so much of an order of the same court dated August 28, 2013, as denied that branch of his motion which was for leave to renew his opposition to those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against him, to strike his answer, and for an order of reference or, in the alternative, pursuant to CPLR 5015 (a) (3) and (4), in effect, to vacate so much of the order dated April 15, 2013, as granted those branches of the plaintiff's motion.

Ordered that the first order dated April 15, 2013, and the order dated August 28, 2013, are affirmed insofar as appealed from; and it is further,

Ordered that the second order dated April 15, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

" 'In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default' " (*Bayview Loan Servicing, LLC v 254 Church St., LLC*, 129 AD3d 650, 650 [2015], quoting *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009]; *see Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 842 [2015]; *Aurora Loan Servs., LLC v Enaw*, 126 AD3d 830 [2015]). "Where, as here, the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must ultimately establish its standing to be entitled to relief" (*Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d at 842; *see Loancare v Firshing*, 130 AD3d 787 [2015]; *Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830 [2015]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014], *affd* 25 NY3d 355 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see*

*Emigrant Mtge. Co., Inc. v Persad,* 117 AD3d 676, 677 [2014]; *Bank of N.Y. Mellon v Gales,* 116 AD3d 723, 724 [2014]).

Here, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Timothy M. Rooney, to strike Rooney's answer, and for an order of reference. Contrary to Rooney's assertion, the plaintiff established, prima facie, its entitlement to judgment as a matter of law by demonstrating its standing as the holder of the note and mortgage by submitting the affidavit of Alejandro E. Roedel, a vice president of loan documentation for the plaintiff, who established that the plaintiff had physical possession of the note prior to the commencement of the action (*see Aurora Loan Servs., LLC v Taylor,* 25 NY3d 355, 361 [2015]; *HSBC Bank USA, N.A. v Spitzer,* 131 AD3d 1206 [2d Dept 2015]; *Wells Fargo Bank, N.A. v Arias,* 121 AD3d 973, 974 [2014]; *Kondaur Capital Corp. v McCary,* 115 AD3d 649, 650 [2014]). The plaintiff also produced copies of the mortgage, the unpaid note, and Roedel's affidavit, attesting to Rooney's failure to make payments due under the mortgage (*see Emigrant Bank v Larizza,* 129 AD3d 904 [2015]). In opposition, Rooney failed to raise a triable issue of fact.

The Supreme Court providently exercised its discretion in denying that branch of Rooney's motion which was for leave to renew his opposition to those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against him, to strike his answer, and for an order of reference. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (*Deutsche Bank Trust Co. v Ghaness,* 100 AD3d 585, 586 [2012]; *see Rowe v NYCPD,* 85 AD3d 1001, 1003 [2011]). " 'However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented' " (*Cioffi v S.M. Foods, Inc.,* 129 AD3d 888, 891 [2015], quoting *Deutsche Bank Trust Co. v Ghaness,* 100 AD3d at 586).

Here, Rooney failed to establish that the alleged new evidence was not available at the time of the original motion. Even assuming he had a reasonable justification for failing to

submit this evidence in opposition to the original motion, he failed to demonstrate that it would have changed the prior determination (*see Matter of O'Gorman v O'Gorman*, 122 AD3d 744, 745 [2014]; *Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]; *Giovanni v Moran*, 34 AD3d 733, 734 [2006]).

Rooney's contention that so much of the order of the Supreme Court, Dutchess County, dated April 15, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against him, to strike his answer, and for an order of reference, should be vacated pursuant to CPLR 5015 (a) (3) is also without merit. Rooney's "[c]onclusory allegations are not sufficiently indicative of 'fraud, misrepresentation, or other misconduct' to warrant vacatur of the order pursuant to CPLR 5015 (a) (3)" (*Matter of Callwood v Cabrera*, 49 AD3d 394, 394-395 [2008]; *see Summitbridge Credit Invs., LLC v Wallace*, 128 AD3d 676, 677-678 [2015]). Rooney also failed to demonstrate his entitlement to vacatur pursuant to CPLR 5015 (a) (4) on the ground that the court lacked subject matter jurisdiction because the plaintiff allegedly did not have standing to commence the action. The plaintiff established that it had standing to commence the action and, in any event, "[w]hether [a foreclosure] action is being pursued by the proper party is an issue separate from the subject matter of the action or proceeding, and does not affect the court's power to entertain the case before it" (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 243 [2007]; *see Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810, 811 [2012]).

The Supreme Court properly denied Rooney's motion, in effect, to vacate his default in opposing the plaintiff's motion, inter alia, for leave to serve and file an amended complaint. In order to vacate his default, Rooney was required to demonstrate "a reasonable excuse for not opposing the motion and a potentially meritorious opposition to the motion" (*Thapt v Lutheran Med. Ctr.*, 89 AD3d 837, 837 [2011]; *see Suede v Suede*, 124 AD3d 869, 871 [2015]; *Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 558 [2014]; *Delvalle v Mercedes Benz USA, LLC*, 117 AD3d 893, 893 [2014]; *Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1079 [2012]). Even assuming that Rooney set forth a reasonable excuse for his failure to oppose the motion, he did not set forth a potentially meritorious opposition to the motion. In this regard, Rooney did not show that the proposed amendment was either palpably insufficient or patently devoid of merit or that it would cause him prejudice or surprise (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60

NY2d 957 [1983]; *Vidal v Claremont 99 Wall, LLC*, 124 AD3d 767 [2015]).

Rooney's remaining contentions are without merit. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.

Motion by the respondent on appeals from three orders of the Supreme Court, Dutchess County, two dated April 15, 2013, and one dated August 28, 2013, respectively, inter alia, to dismiss the appeal from the order dated April 15, 2013, under Appellate Division docket No. 2013-06607, on the ground that the order, in effect, denied reargument. By decision and order on motion of this Court dated June 24, 2014, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeals, it is

Ordered that the motion is denied. Rivera, J.P., Leventhal, Austin, and Hinds-Radix, JJ., concur.