YMJ Meserole, LLC, Respondent, v 98 Meserole Street, LLC, et al., Appellants, et al., Defendants. [20 NYS3d 407]—

In an action to foreclose a mortgage, the defendants 98 Meserole Street, LLC, and Rosa Rosero appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated August 14, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the affirmative defenses, and for an order of reference, and denied their cross motion, inter alia, to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendant 98 Meserole Street, LLC, and guaranteed by the defendant Rosa Rosero (hereinafter together the defendants), alleging that they defaulted on their loan payments. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the affirmative defenses, and for an order of reference. The defend-

ants cross-moved to dismiss the complaint or, in the alternative, for a hearing, arguing that the plaintiff lacked standing to commence this action. The Supreme Court granted the motion and denied the cross motion.

The Supreme Court correctly concluded that the plaintiff established, prima facie, that it had standing to commence this action. "Where, as here, standing is put into issue by a defendant, 'the plaintiff must prove its standing in order to be entitled to relief' " (*Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015], quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d at 932; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 912 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 281 [2011]).

Here, the plaintiff established, through admissible evidence (*see Montefiore Med. Ctr. v Liberty Mut. Ins. Co.*, 31 AD3d 724, 725 [2006]), its standing as the holder of the note and mortgage by demonstrating that the note was physically delivered to it prior to the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d at 628). An affidavit from the assistant vice president of the original holder of the note established that the note was endorsed in blank on May 25, 2006. An additional affidavit submitted by a member of the plaintiff established that the endorsed note was transferred to the plaintiff from its predecessor-in-interest by physical delivery and allonge on September 27, 2011, nearly 10 months before this action was commenced. The defendants' contention that they are entitled to a hearing on the issue of the delivery and endorsement of the note is without merit. The defendants' conclusory claim that the endorsement was executed after the commencement of the action is not supported by the record (*see Finance v Abundant Life Church, U.P.C., Inc.*, 122 AD3d 918, 919 [2014]).

Furthermore, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the defendants' default in payment (*see Loancare v Firshing*, 130 AD3d 787 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]; *One W. Bank, FSB v DiPilato*, 124 AD3d 735 [2015]). In opposition, the defendants failed to raise a triable issue of fact as to any bona fide defense to foreclosure (*see Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the affirmative defenses, and for an order of reference, and denied the defendants' cross motion, inter alia, to dismiss the complaint. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.