■ U.S. BANK NATIONAL ASSOCIATION, as Trustee on Behalf of the SASCO 2006-BC3 TRUST FUND, Appellant, v GLENDA GODWIN et al., Respondents, et al., Defendants. [28 NYS3d 450]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated January 30, 2014, as, upon reargument, adhered to a prior determination in an order of the same court dated June 3, 2013, denying its motion for summary judgment on the complaint and dismissing the affirmative defenses and counterclaims of the defendants Glenda Godwin and Richard Godwin, and for an order of reference.

Ordered that the order dated January 30, 2014, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated June 3, 2013, denying the plaintiff's motion for summary judgment on the complaint and dismissing the affirmative defenses and counterclaims of the defendants Glenda Godwin and Richard Godwin, and for an order of reference, is vacated, and thereupon, the plaintiff's motion is granted.

The defendants Glenda Godwin and Richard Godwin (hereinafter together the homeowners) executed a note in favor of the plaintiff's predecessor-in-interest promising to repay a loan in

the sum of $318,750, which was secured by a mortgage encumbering certain real property in Farmingdale that they owned. The plaintiff commenced this action to foreclose on the mortgage, alleging that the homeowners had defaulted under the terms of the mortgage and note. The plaintiff moved, inter alia, for summary judgment on the complaint, and the homeowners cross-moved, inter alia, to dismiss the complaint for lack of standing. The Supreme Court denied the motion and the cross motion. The plaintiff moved for leave to reargue its motion and, upon reargument, the Supreme Court adhered to its original determination denying the plaintiff's motion. The plaintiff appeals.

"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015] [internal quotation marks omitted]; *see Bayview Loan Servicing, LLC v 254 Church St., LLC*, 129 AD3d 650 [2015]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 842 [2015]; *Aurora Loan Servs., LLC v Enaw*, 126 AD3d 830 [2015]). In addition, where, as here, the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief (*see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 981; *Loancare v Firshing*, 130 AD3d 787, 788 [2015]; *Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830, 830-831 [2015]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d at 842). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (*Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 981; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d 848, 849 [2015]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d at 849; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 981).

Here, an affidavit from an assistant vice president of the loan's servicer established that the note, indorsed in blank, was transferred to the plaintiff from its predecessor-in-interest

by physical delivery on July 5, 2006, over three years before this action was commenced. Contrary to the Supreme Court's conclusion, this evidence that the note was physically delivered to the plaintiff prior to the commencement of this action was sufficient to establish, prima facie, the plaintiff's standing as the holder of the note and mortgage (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d at 849; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 981; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *cf. U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). In addition, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and the affidavit of an employee of the servicer attesting to the homeowners' default in making payments due under the mortgage (*see YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d at 850; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 982; *Loancare v Firshing*, 130 AD3d at 789). In opposition, the homeowners failed to raise a triable issue of fact as to any bona fide defense to foreclosure (*see YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d at 850; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 982; *Loancare v Firshing*, 130 AD3d at 789).

Accordingly, upon reargument, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint and dismissing the homeowners' affirmative defenses and counterclaims, and for an order of reference. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.