■ U.S. BANK NATIONAL ASSOCIATION, as Trustee for MASTER ASSET BACKED SECURITIES TRUST, 2006-WMC2, 3476 STATEVIEW BOULEVARD, FT. MILL, SC 29715, Respondent, v FAIGIE EHRENFELD et al., Appellants, et al., Defendants. [41 NYS3d 269]—

In an action to foreclose a mortgage, the defendants Faigie Ehrenfeld and Samuel Ehrenfeld appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated December 19, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

Faigie Ehrenfeld executed a note in the amount of $445,000, dated February 7, 2006, in favor of WMC Mortgage Corp. (hereinafter WMC). The note was secured by a mortgage executed in favor of WMC by Faigie Ehrenfeld and Samuel Ehrenfeld (hereinafter together the appellants) on residential property located at 1758 East 17th Street in Brooklyn. The

plaintiff commenced this action to foreclose the mortgage. In their answer, the appellants raised the affirmative defense of lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the appellants' answer, and for an order of reference. The Supreme Court granted the motion.

"Where, as here, the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (*HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]; *Deutsche Bank Natl. Trust Co. v Cunningham*, 142 AD3d 634, 635 [2016]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Deutsche Bank Natl. Trust Co. v Cunningham*, 142 AD3d at 635; *HSBC Bank USA v Hernandez*, 92 AD3d 843, 843-844 [2012]).

The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants, to strike the appellants' answer, and for an order of reference. Contrary to the appellants' contention, the plaintiff demonstrated, prima facie, its standing as the holder of the note and mortgage. The plaintiff submitted the affidavit of Kimberly Mueggenberg, a vice president of loan documentation for the plaintiff's loan servicer and custodian, Wells Fargo Bank, N.A., doing business as America's Servicing Company (hereinafter Wells Fargo). The contents of Mueggenberg's affidavit were based on her knowledge of Wells Fargo's record-keeping practices and records regarding the loan (*cf. Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 685 [2016]). Mueggenberg averred that the note, endorsed in blank, was transferred to Wells Fargo, as custodian for the plaintiff, by physical delivery by July 11, 2006, more than two years before the action was commenced (*see U.S. Bank N.A. v Godwin*, 137 AD3d 1260, 1261 [2016]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]). The plaintiff also produced copies of the mortgage, the unpaid note, and Mueggenberg's affidavit, attesting to the de-

fendants' failure to make payments due under the mortgage (*see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 981). In opposition, the appellants failed to raise a triable issue of fact.

The appellants' remaining contentions either need not be reached in view of our determination or are without merit. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.