U.S. Bank, Natl. Assn. v Laulicht (2019 NY Slip Op 07310)





U.S. Bank, Natl. Assn. v Laulicht


2019 NY Slip Op 07310


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-00188
2017-04509
 (Index No. 4812/09)

[*1]U.S. Bank, National Association, etc., appellant,
v
Barry Laulicht, etc., respondent, et al., defendants.


Parker Ibrahim & Berg LLC, New York, NY (Ben Z. Raindorf of counsel), for appellant.
Bragar Eagel & Squire, P.C., New York, NY (Lawrence P. Eagel of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Victor J. Alfieri, J.), dated June 5, 2015, and (2) an order of the same court dated November 7, 2016. The order dated June 5, 2015, denied the plaintiff's motion for an order of reference and, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). The order dated November 7, 2016, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its prior motion for an order of reference.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated June 5, 2015, as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated June 5, 2015, is affirmed; and it is further,
ORDERED that the order dated November 7, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In May 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Barry Laulicht (hereinafter the defendant). The defendant did not interpose an answer to the complaint. After the final mandatory foreclosure settlement conference on July 13, 2011, the Supreme Court advised the plaintiff that it may proceed with the action. More than three years later, by notice of motion dated January 19, 2015, the plaintiff moved for an order of reference. By order dated June 5, 2015, the court denied the plaintiff's motion for an order of reference and, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). Thereafter, the plaintiff moved, inter alia, for leave to renew its prior motion. By order dated November 7, 2016, the court, among other things, denied that branch of the plaintiff's motion which was for leave to renew. The plaintiff appeals from both orders.
CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see Bank of N.Y. v Kushnir, 150 AD3d 946, 947-948; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]). " This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious'" (Bank of N.Y. v Kushnir, 150 AD3d at 948, quoting Giglio v NTIMP, Inc., 86 AD3d at 308).
We agree with the Supreme Court's determination that the plaintiff failed to proffer a reasonable excuse for its long delay in moving for an order of reference upon the defendant's default. The plaintiff's excuse—that it was attempting to comply with an administrative order issued in October 2010 and the plaintiff's own procedures for reviewing foreclosure actions—is not reasonable, as it fails to explain the more than three years from when the matter was released from the mandatory foreclosure settlement part in July 2011 until the plaintiff's January 2015 motion (see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 846; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
We also agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for leave to renew its prior motion. "A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination' (CPLR 2221[e][2]) and shall contain reasonable justification for the failure to present such facts on the prior motion' (CPLR 2221[e][3])" (Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 982). While the new or additional facts may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion, a reasonable justification for the failure to present such facts on the original motion must be presented (see id. at 982).
Here, the plaintiff failed to provide a reasonable justification for its failure to present the "new" facts on its prior motion (see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 948). Contrary to the plaintiff's contentions on appeal, CPLR 3215(c) and the "lateness" of the plaintiff's motion were issues raised not by the Supreme Court but by the plaintiff itself in its affirmation of lateness submitted on its prior motion. Thus, the facts pertaining to those issues should have been raised in the prior motion (see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 948; Rowe v NYCPD, 85 AD3d 1001, 1003). In any event, the new evidence submitted by the plaintiff would not have changed the prior determination (see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 948).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court