U.S. Bank N.A. v McEntee (2019 NY Slip Op 07636)





U.S. Bank N.A. v McEntee


2019 NY Slip Op 07636


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2019-00812
 (Index No. 7580/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Emily McEntee, etc., et al., appellants, et al., defendants.


Kenneth R. Berman, Forest Hills, NY (David Broderick of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (David V. Mignardi and Tracy Ellis Williams of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Emily McEntee and Edward McEntee appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 30, 2018. The judgment of foreclosure and sale, upon an order of the same court entered September 15, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike the answer of those defendants, and for an order of reference, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Emily McEntee and Edward McEntee, to strike the answer of those defendants, and for an order of reference are denied, and the order dated September 15, 2015, is modified accordingly.
The defendants Emily McEntee and Edward McEntee (hereinafter together the defendants) executed a note dated July 5, 2005, in the amount of $640,000 in favor of Astoria Federal Savings and Loan Association (hereinafter Astoria). The note was secured by a mortgage on real property located in Great Neck. The mortgage was later assigned by Mortgage Electronic Registration Systems, Inc., as nominee for Astoria, to the plaintiff, U.S. Bank National Association.
On June 21, 2013, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendants "failed to make monthly payments on September 1, 2008, to date." Annexed to the complaint was a copy of the note, which had been endorsed by Astoria to the plaintiff. The defendants interposed an answer in which they asserted various affirmative defenses, including that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, for an order of reference, and to strike the defendants' answer. In an order entered September 15, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. A judgment of foreclosure and sale was subsequently entered on the order. The defendants appeal.
"[I]n order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895). Where the plaintiff's standing to commence [*2]the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief (see U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1261).
A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1015). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, contrary to the defendants' contention, the plaintiff established, prima facie, that it had standing to commence the action by demonstrating that it was in physical possession of the note, which was annexed to the complaint at the time the action was commenced (see U.S. Bank N.A. v Henry, 157 AD3d 839, 841; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842). In opposition, the defendants failed to raise a triable issue of fact as to the plaintiff's standing.
Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law. However, in opposition thereto, the defendants presented evidence demonstrating that, subsequent to their alleged default in September 2008, the plaintiff accepted mortgage payments in a lesser amount than originally required, which raises triable issues of fact as to whether the parties entered into a modification agreement subsequent to the defendants' alleged default in September 2008, and whether there was a continuing default by the defendants from 2008 (see Zuckerman v City of New York, 49 NY2d 557).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court