24-437
*Windward Bora LLC v. Karim Mohamed*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> GUIDO CALABRESI,
> *Circuit Judges*.

_____

WINDWARD BORA LLC,

　　　　*Plaintiff-Appellee*,

　　　v.                                                           24-437

KARRIM MOHAMED,

　　　　*Defendant-Appellant*,

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3,

　　　　*Defendant*.

_____

| | |
|---|---|
| For Plaintiff-Appellee: | DANIELLE P. LIGHT, Habani & Light, P.C., New York, NY. |
| For Defendant-Appellant: | STEVEN A. BIOLSI, Biolsi Law Group P.C., New York, NY. |

1

Appeal from a decision and order of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Karrim Mohamed ("defendant") appeals from a decision and order of the United States District Court for the Southern District of New York (Swain, *J.*), entered on January 26, 2024, granting summary judgment in favor of Plaintiff-Appellee Windward Bora LLC ("plaintiff") in the instant foreclosure action. On appeal, defendant challenges the district court's conclusions that plaintiff (1) had standing to bring the instant foreclosure action; (2) established its prima facie case for summary judgment; (3) complied with the notice requirements imposed by the note at issue and by Real Property Action and Proceedings Law § 1304(1); and (4) properly accelerated the maturity date on the loan at issue by filing the instant action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's rulings on summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party. *Jones v. County of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019). Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, we will affirm a grant of summary judgment "only where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law," *id.* (internal quotation marks omitted), or in other words, where no reasonable jury could return a verdict for the nonmoving party, *see Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

Here, defendant raises many of the same arguments that he raised below. The district court did not err in rejecting each one.

## I. Standing

Defendant argues that plaintiff lacked standing to commence the instant foreclosure action because it failed to attach a copy of the March 11, 2009, Loan Modification Agreement (the "Loan Modification") to its complaint. We disagree.

"Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.' " *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (N.Y. 2015)). Either a (1) "written assignment of the underlying note"; or (2) "the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation."[1] *Wells Fargo Bank*, 132 A.D.3d at 981.

Here, plaintiff had standing under either criterion. Plaintiff produced the underlying September 3, 2005, Note (the "Note" or "Loan") with attached allonges indorsing the Note to plaintiff. App'x 171 ("Allonge to Note . . . pay to the order of: Windward Bora LLC"). Plaintiff's witness, John Ramer ("Ramer"), also attested that:

> [b]ased upon my review of the business records, [p]laintiff is in possession of the original Note dated September 13, 2005. The original Note, with allonge firmly affixed thereto, was physically transferred to [p]laintiff on January 7, 2021, prior to the commencement of this action and has been in [p]laintiff's possession since that date.

---

[1] A witness' affidavit may be sufficient to prove that a party had possession of a note prior to commencement of an action. *See Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 362 (N.Y. 2015) (holding that a party adequately proved possession, without producing the original mortgage note, based on an affidavit asserting that a party's witness "examined the original note herself" and based on "attachments submitted with the moving papers clearly show[ing] the note's chain of ownership").

A 159 at ¶ 11. The district court did not err in finding that, based on this evidence, plaintiff had standing to bring the instant action.

## II. Plaintiff's Prima Facie Case

Defendant argues that the district court erred in concluding that plaintiff had established a prima facie entitlement to summary judgment. He cites alleged "discrepancies" between the award amount and the terms of the Note and additionally challenges the admissibility of Ramer's affidavit. Neither argument is availing.

"In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017) (summary order) (citing *Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592 (3d Dep't 2016)).

Here, plaintiff produced evidence of the Mortgage, App'x 36-45, the Note, App'x 28-35, and defendant's default, App'x 158 at ¶ 10 (Ramer's attestation that, "[b]ased upon [his] review of the computerized business records for th[e] [L]oan, the [L]oan is currently in default and due for the July 1, 2013 payment and all subsequent payments"). It additionally provided evidence that it was in possession of the original Note at the time that it filed its complaint. App'x 159 (Ramer affidavit); A 171 (allonge indorsing Note to plaintiff). Plaintiff's failure to attach a copy of the Loan Modification to its complaint does not preclude the district court from relying on the modified terms, later produced, in determining damages at the summary judgment stage. The district court correctly noted that the "discrepancies" that defendant identified are "easily explained by (1) the fact that the Note was modified by the Loan [Modification], and (2) [p]laintiff's concession that it cannot collect time-barred payments that were due before June 1,

2015." Spec. App'x 5. Defendant's conclusory allegations that Ramer's affidavit was not based on admissible business records, despite Ramer's attestation to the contrary, are unpersuasive. App'x 158 ("In the regular performance of my job functions, I am familiar with business records maintained by [p]laintiff [that] are made at or near the time of events or activities reflected in such records by, or from information provided by, persons with knowledge of the activities and the transactions reflected in such records and are kept in the ordinary course of business activity conducted regularly by [p]laintiff.").

## III. Notice

The crux of defendant's argument regarding this issue is that notices sent by a party's attorney purportedly do not satisfy the notice obligations imposed by either the Note or RPAPL § 1304. He is mistaken. "New York courts have [routinely] found compliance with [] RPAPL 1304 [when] notice[s] [are sent by] employees of [p]laintiff's attorneys." *Wilmington PT Corp. v. Danialian*, No. 19-CV-1972, 2023 WL 2632499, at *4 n.4 (E.D.N.Y. Mar. 24, 2023); *see U.S. Bank Nat'l Ass'n v. Mc Dermott*, No. 20-CV-352, 2022 WL 2392522, at *8 (S.D.N.Y. July 1, 2022) (finding that "an affidavit stating that [a party's loan servicer and attorney-in-fact], in accordance with its standard business practice and procedures, sent [d]efendants proper notice under § 1304 . . . [along with] copies of those mailings . . . [are] sufficient to establish that [p]laintiff complied with RPAPL § 1304"). Accordingly, the district court did not err in concluding that plaintiff satisfied its notice obligations.

## IV. Accelerating Maturity Date

Defendant also argues that the filing of the instant action did not accelerate the maturity date of the Note, as modified by the Loan Modification, because plaintiff failed to attach the Loan

Modification to its complaint. In support, he cites *Freedom Mortgage Corporation v. Engel*, 37 N.Y.3d l, *reargument denied*, 37 N.Y.3d 926 (N.Y. 2021). Once again, we disagree.

The district court did not err in distinguishing this case from *Freedom Mortgage*. Unlike in *Freedom Mortgage*, plaintiff's complaint makes it clear that it was accelerating the debt owed pursuant to the Note. App'x 21 ¶ 14 (noting that plaintiff advised defendant of "possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured"). The Loan Modification only slightly reduced the principal amount of the Loan from $72,750 to $71,159.41 (a difference of $1590.59, or roughly 2%) and changed the interest rate from 9.75% to 7.99% annually. App'x 158-59. It also specifically provides that it "carr[ies] forward all liens and security interests securing the Note" and merely serves to "modify . . . the manner of payment of the Note and indebtedness evidenced thereby." *Id.* at 184. It further provides that "[a]ny default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument[] and shall allow Lender to exercise all of its remedies set forth in said Security Instrument." *Id.* Together, these provisions suggest that "the unequivocal overt act of [] plaintiff in filing the . . . complaint . . . constituted a valid election" that "the whole of the principal [due pursuant to the Note, and its modified terms as provided in the Loan Modification] should immediately become due and payable." *Albertina Realty Co. v. Rosbro Realty Corp.*, 258 N.Y. 472, 476 (N.Y. 1932).

\*　　\*　　\*

We have considered defendant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6