23-7263-cv
*Courchevel 1850 LLC v. Koznitz I LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

---

COURCHEVEL 1850 LLC,

> *Plaintiff-Appellee,*

> v.                                                                    23-7263-cv

KOZNITZ I LLC.,

> *Defendant-Appellant,*

MOHAMMED ALAM, UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE), NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CITIBANK, N.A., CITIBANK (SOUTH DAKOTA), N.A., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY PARKING VIOLATIONS BUREAU,

> *Defendants.*

---

FOR PLAINTIFF-APPELLEE: SETH D. WEINBERG, Margolin, Weinreb & Nierer, LLP, Syosset, New York.

FOR DEFENDANT-APPELLANT: SOLOMON ROSENGARTEN, Brooklyn, New York.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Orelia E. Merchant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on September 18, 2023, is **AFFIRMED**.

Defendant-Appellant Koznitz I LLC ("Koznitz") appeals from the district court's grant of summary judgment, pursuant to Federal Rule of Civil Procedure 56, in favor of Plaintiff-Appellee Courchevel 1850 LLC ("Courchevel"), as well as the district court's denial of Koznitz's cross-motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2008, Mohammed Alam executed a note, along with a mortgage securing it, for the property located at 32-28 97th Street, East Elmhurst, New York 11369 (the "Property"). At some point after Alam executed these documents, the note was transferred through a series of assignments, some of which were specially endorsed by allonge, to Courchevel. It is undisputed that, as a result of these transfers, Courchevel was in physical possession of the note, including the endorsements for each transfer, at the time it commenced this lawsuit. Separately, in 2013, Alam transferred the Property to Koznitz by deed, subject to the mortgage. There is no indication in the record that Koznitz assumed liability on the note or was otherwise substituted or added as a party to the note or mortgage.

2

After Alam failed to comply with the terms of the mortgage, Courchevel filed this foreclosure action in 2017 against, among others, Alam, as borrower on the loan and mortgagor under the mortgage, and Koznitz, as holder of the deed to the Property. In June 2018, Courchevel moved for summary judgment. Koznitz cross-moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment. Koznitz argued, *inter alia*, that Courchevel lacked standing to foreclose on the property, but assuming *arguendo* that it did have standing, Courchevel failed to properly provide a notice of default, as required under the terms of the mortgage.

On October 30, 2019, Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R"), recommending that Courchevel's motion for summary judgment be granted, and Koznitz's motions to dismiss and for summary judgment be denied on the grounds that, *inter alia*: (1) Courchevel had standing to bring the foreclosure action because, at the time it initiated suit, it was in possession of the note with all necessary endorsements, including the allonges, firmly affixed to it; and (2) Koznitz did not have standing to raise the issue of whether Courchevel properly provided a notice of default consistent with the terms of the mortgage because Koznitz was not a party to or an assignee of the mortgage. *See generally Courchevel 1850 LLC v. Alam*, No. 17-CV-785 (JBW) (SMG), 2019 WL 9656366 (E.D.N.Y. Oct. 30, 2019) ("*Courchevel I*"). On June 1, 2020, after Koznitz timely objected to these recommendations, then-Chief Judge Roslynn R. Mauskopf issued a memorandum and order rejecting the objections and adopting Magistrate Judge Gold's R&R in full. *See generally Courchevel 1850 LLC v. Alam*, 464 F. Supp. 3d 475 (E.D.N.Y. 2020) ("*Courchevel II*"). The case was subsequently reassigned to District Judge Orelia E. Merchant and Magistrate Judge Steven L. Tiscione, who issued an R&R with

3

respect to Courchevel's motion for damages. On September 8, 2023, Judge Merchant adopted the R&R in its entirety and ten days later entered the amended judgment of foreclosure and sale. This appeal followed.

We review *de novo* a district court's denial of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), "construing the complaint in plaintiff's favor and accepting as true all material factual allegations contained therein." *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 173 (2d Cir. 2012). Similarly, "[w]e review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). Summary judgment is appropriate "upon a showing 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam) (quoting Fed. R. Civ. P. 56(a)).

Koznitz first contends that the district court erred by holding that Courchevel had standing to bring this foreclosure action. We disagree. Under New York law, which the parties agree applies, a "plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (per curiam) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). Under the New York Uniform Commercial Code, a holder is "the person in possession of a negotiable instrument that is payable . . . to an identified person that is the person in possession." N.Y. U.C.C. § 1-201(b)(21)(A). A holder receives its rights through negotiation, a form of transfer with special procedural requirements that makes the transferee a holder. *See In re Hilton*, 544 B.R. 1, 11 n.9

4

(Bankr. N.D.N.Y. 2016) (applying New York law); *see also* N.Y. U.C.C. § 3-202(1) & cmt.1. When an instrument is payable to order, as here, negotiation consists of the voluntary transfer of possession of the instrument "with any necessary indorsement." N.Y. U.C.C. § 3-202(1). Such an endorsement can be done by an allonge so long as it is "firmly affixed [to the note] as to become part thereof." N.Y.U.C.C. § 3-202(2).

However, even if the procedures for negotiation are not properly executed, a transfer may nevertheless constitute a valid assignment vesting a non-holder transferee (*i.e.*, an assignee) with standing to foreclose. *See U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009) (stating that a plaintiff has standing where it is "both the holder *or assignee* of the subject mortgage and the holder *or assignee* of the underlying note at the time the action is commenced" (emphases added)). Unlike a holder, however, an assignee "must prove that the transactions through which [it] acquired [its] interests vested [it] with ownership or holder rights to demonstrate [its] foreclosure standing." *In re Hilton*, 544 B.R. at 11; *see also id.* at nn.9, 11.

Koznitz argues that Courchevel lacks standing to bring this suit because it came into possession of the note through invalid transfers, and thus it is not a proper holder of the note. In particular, Koznitz contends that, because a single staple attaches the endorsements by allonge to the note, and there were no staple holes or tears in the documents, there is a genuine issue of material fact regarding whether the endorsement to Courchevel was properly negotiated. Even assuming *arguendo* that Koznitz's arguments related to whether the endorsements were firmly affixed to the note raised a genuine issue as to Courchevel's standing to foreclose as a holder, Koznitz's assertion

does not raise a question of fact regarding Courchevel's standing to foreclose as an *assignee* for two reasons.[1]

First, there is no genuine issue that Courchevel received its interest in the note through a valid assignment, because Courchevel proved that it obtained the note and endorsements by physical delivery before commencing this foreclosure action. *Collymore*, 890 N.Y.S.2d at 580 (holding that physical delivery of the note prior to the commencement of the foreclosure action is a valid form of assignment); Aff. of Jared Dotoli ¶ 7, App'x 85 (stating that Courchevel "came into possession of the original Note, with endorsements and alloonges, as affixed thereto" via delivery from Blue Lagoon, LLC). Second, there is no genuine issue that Courchevel held interest in the note. The special endorsements by allonge, each of which shows on its face that it relates to the note and identifies the payee, trace an unbroken chain of transfer to the last prior possessor undisputedly with holder status: Bayview Loan Servicing, LLC. And Koznitz has raised no genuine issue as to any fraud or gap in the chain of transfer. Accordingly, we conclude that Courchevel had standing to commence this foreclosure action.

Koznitz next argues that the district court also erred by determining that Koznitz does not have standing to contend that Courchevel's notice of default was deficient because, as the successor-in-interest to the Property, it "stands in the shoes" of Alam and thus may bring such a claim. Appellant's Br. at 16. We find this argument unpersuasive.

---

[1] Although the district court did not address whether Courchevel had standing as a non-holder assignee of the note, we may affirm on this basis because "[w]e may affirm on any ground with support in the record, including grounds upon which the district court did not rely." *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022) (internal quotation marks and citation omitted).

In New York, an entity that is "not a party to either the note or mortgage[] lacks standing to raise as a defense to [a foreclosure] action the plaintiff's alleged failure to serve a notice of default in accordance with the terms of the note and mortgage." *Bank of N.Y. Mellon Tr. Co., N.A. v. Obadia*, 111 N.Y.S.3d 59, 63 (2d Dep't 2019); *see U.S. Bank Nat'l Ass'n v. Medina*, 220 N.Y.S.3d 77, 84–85 (2d Dep't 2024) (explaining that claims regarding "[n]oncompliance . . . with the notice of default provisions in a mortgage agreement are personal defenses that may not be raised by parties who are strangers to the subject note and mortgage").

Here, the record indicates that Alam executed the note and mortgage, and later transferred to Koznitz the deed to the Property. However, Koznitz points to no evidence in the record, nor does Koznitz argue on appeal, that Koznitz was substituted or added to the note and mortgage. Absent evidence that Koznitz was a party to the note and mortgage, it has no standing to assert this defense. Indeed, as the district court correctly stated, Koznitz's arguments that it does have standing because it "stands in the shoes" of Alam "has no basis in law."[2] *Courchevel II*, 464 F. Supp. 3d at 482.

*         *         *

We have reviewed Koznitz's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because we conclude that Koznitz does not have standing to raise its claim regarding the notice of default, we need not reach Courchevel's alternative argument for affirmance, namely, that notice of default was provided to Alam in compliance with the terms of the mortgage.

7