R3 Metro N. & S. v Westside Food & Supply Co. Inc. (2025 NY Slip Op 50677(U))

[*1]

R3 Metro N. & S. v Westside Food & Supply Co. Inc.

2025 NY Slip Op 50677(U)

Decided on April 15, 2025

Civil Court Of The City Of New York, Queens County

Lane, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2025
Civil Court of the City of New York, Queens County

R3 Metro North & South, Plaintiff,

against
Westside Food and Supply Company Inc., Defendant.

Index No. CV-021019-20/QU

Plaintiff's Attorney
Smith, Carroad, Wan & Parikh, P.C.
202 East Main Street
Smithtown, New York 11787
631-499-5400
Defendant/Attorney
None

Peter F. Lane, J.

The following numbered papers were read on this motion by plaintiff for a default judgment against defendant Westside Food and Supply Company Inc. pursuant to CPLR § 3215.
Papers Numbered
Notice of Motion, Affirmation, Exhibits, Service 1-4
Upon the foregoing papers it is ordered that this motion is determined as follows:
Plaintiff's complaint states causes of action based upon breach of contract and an account stated. Plaintiff, who submits proof of service of the summons and complaint upon defendant in October 2020 pursuant to CPLR § 311, seeks a default judgment.
CPLR § 3215(c) provides that, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR § 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR § 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (see HSBC Bank USA, Nat. Ass'n v Grella, 145 AD3d 669, 671 [2d Dept 2016], quoting Giglio v NTIMP, Inc., 86 AD3d 301, 308 [2d Dept 2011]).
"Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause" (see Shields v Cohen, 222 AD3d 1019, 1021 [2d Dept 2023], [*2]quoting Aurora Loan Services, LLC v Hiyo, 130 AD3d 763, 764 [2d Dept 2015]). A party may establish sufficient cause by demonstrating " . . . it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d at 764). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963 [2d Dept 2018], quoting Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752 [2d Dept 2014], and quoting Giglio v NTIMP, Inc., 86 AD3d at 308). "While a court has the discretion to accept law office failure as a reasonable excuse, such excuse must be supported by detailed allegations of fact explaining the law office failure" (see Ibrahim v Nablus Sweets Corp. at 963).
Here, the plaintiff indisputably failed to move for leave to enter judgment within one year of the defendant's default and, in fact, did nothing for more than 4 years after the default. In support of the contention that there is a reasonable excuse for this delay, plaintiff cites to a confluence of law office failure including staff turnover, inability to hire, office delay attributed to high caseload volume, failure to calendar and backlogs. The Court finds that these layered excuses of omnibus law office failure over a period exceeding four years are conclusory, unsubstantiated and undemonstrative of typical law office failure (see generally Deutsche Bank Tr. Co. Americas v Smith, 211 AD3d 1012hh [2d Dept 2022]; HSBC Bank USA, N.A. v Lem, 194 AD3d 1027 [2d Dept 2021]; Staples v Jeff Hunt Developers, Inc., 56 AD3d 459 [2d Dept 2008]; Mattera v Capric, 54 AD3d 827 [2d Dept 2008]; see e.g. Midland Credit Mgmt., Inc. v Pazarbasi, 2023 NY Misc. LEXIS 38162 [Sup Ct, Westchester County 2023]; Credit Corp. Sols. Inc. v Pazarbasi, 2023 NY Misc. LEXIS 37701 [Sup Ct, Westchester County 2023]; Haider v Bruney, 2023 NY Misc. LEXIS 25487 [Sup Ct, Queens County 2023]).
In view of the absence of a reasonable excuse for the delay, it is unnecessary for the Court to consider whether the plaintiff sufficiently demonstrated a potentially meritorious action.
Accordingly, plaintiff's motion is denied and the complaint is dismissed as abandoned (CPLR § 3215[c]). 
This is the Decision and Order of the Court. 
Date: April 15, 2025
Hon. Peter F. Lane, JCC